UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUSTIN HAYNES, | ) |
| Petitioner, | ) CASE NO. C05-944MJP |
| v. | ) |
| ALICE PAYNE, | ) REPORT AND RECOMMENDATION |
| Respondent. | ) |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a state prisoner who is currently incarcerated at the McNeil Island Corrections Center in Steilacoom, Washington. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 to seek relief from the sentence imposed following his 1999 King County Superior Court conviction on two counts of first degree child molestation. Petitioner asserts a single ground for relief in his federal habeas petition; *i.e.*, that his Sixth Amendment right to confront his accusers was violated by the trial court during his sentencing hearing. Petitioner argues that he is entitled to relief under *Crawford v. Washington*, 541 U.S. 36 (2004), and *Bockting v. Bayer*, 399 F.3d 1010 (9th Cir. 2005).

A review of the petition reveals that petitioner has not properly exhausted his claim for federal habeas relief in the state courts. Accordingly, petitioner's federal habeas petition should be dismissed without prejudice to him refiling the petition once he has properly exhausted his state court remedies.

DISCUSSION

The United States Supreme Court has made clear that state remedies must first be exhausted on all issues raised in a federal habeas corpus petition. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. §2254(b), (c). Exhaustion must be shown either by providing the highest state court with the opportunity to rule on the merits of the claim or by showing that no state remedy remains available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996)(citations omitted). The exhaustion requirement is a matter of comity, intended to afford the state courts "the first opportunity to remedy a constitutional violation." *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir. 1981). A federal habeas petitioner must provide the state courts with a fair opportunity to apply controlling legal principles to the facts bearing on his constitutional claim. *Picard v. Connor*, 404 U.S. 270 (1971); *Anderson v. Harless*, 459 U.S. 4 (1982).

Petitioner indicates in his petition that he has, to date, filed three personal restraint petitions in the Washington courts. It appears that each of petitioner's personal restraint petitions presents some type of challenge to petitioner's sentence. According to petitioner, his two most recent personal restraint petitions present constitutional challenges to his sentence under *Crawford*, and under *Blakely v. Washington*, 124 S. Ct. 2531 (2004). The Washington Court of Appeals consolidated all three of petitioner's petitions under a single cause number. That consolidated action is currently stayed pending a decision by the Washington Supreme Court on the *Blakely* retroactivity question presented in *In re Personal Restraint of Swenson*.[1]

Petitioner acknowledges in his federal habeas petition that he is required to exhaust all of his state court remedies in the highest state court prior to proceeding in federal court. He also concedes that the personal restraint petition in which he presented his *Crawford* claim currently remains pending before the Washington Court of Appeals. Petitioner argues, however, that he should be permitted to proceed with his federal habeas claim because it would be futile to continue to litigate the issue in the state courts.

---

[1] The Washington Supreme Court recently issued its decision in the *Swenson* case. *See State of Washington v. Evans*, 2005 WL 1403921 (Wash. June 16, 2005). It therefore seems unlikely that petitioner's personal restraint proceedings will remain stayed for much longer.

1    In support of his futility argument, petitioner notes that the Washington Supreme Court recently decided that the rule announced by the United States Supreme Court in *Crawford* does not apply retroactively to cases on collateral review, *see In re Personal Restraint of Markel*, 111 P.3d 249 (Wash. 2005), and, in so doing, expressly disagreed with the Ninth Circuit's conclusion in *Bockting v. Bayer*, 399 F.3d 1010 (9th Cir. 2005), that *Crawford* does apply retroactively to cases on collateral review.  Petitioner appears to argue that because *Markel* forecloses consideration of his *Crawford* claim and *Bockting* does not, and because he relies upon the ruling in *Bockting* to support his claim that *Crawford* entitles him to relief in his federal habeas action, he should be permitted to proceed in federal court rather than awaiting the state courts' resolution of his *Crawford* claim.

Petitioner may not circumvent the exhaustion requirement merely by showing that the state courts have rejected other inmates' appeals based upon similar issues.  Rather, the state courts must be given an opportunity to consider the merits of a constitutional challenge on the merits of each individual case.  *See Noltie v. Peterson*, 9 F.3d 802, 805-06 (9th Cir. 1993).  Moreover, petitioner apparently has multiple claims pending before the state courts at the present time.  Even assuming that the Washington Supreme Court's decision in *Markel* does, in fact, foreclose the possibility of petitioner obtaining any relief on his *Crawford* claim in the state courts, it is conceivable that petitioner could prevail on one of his other claims.  It would therefore be premature for this Court to undertake consideration of petitioner's federal habeas petition.

## CONCLUSION

Based upon the foregoing, this Court recommends that petitioner's federal habeas petition be dismissed without prejudice for failure to exhaust his state court remedies as required by 28 U.S.C. § 2254(b) and (c).  This Court further recommends that petitioner's motion to stay his transfer to another institution pending resolution of his federal habeas action be stricken as moot.

1  A proposed order accompanies this Report and Recommendation.

2  DATED 6th day of July, 2005.

/s/ MARY ALICE THEILER
United States Magistrate Judge